THOMAS L. CORNELL v. WILLIAM H. BARNUM.

[FILED FEBRUARY 25, 1890.]

**Review.** When a cause is submitted to this court without either a brief or oral argument, and no error appearing upon the face of the record, and the verdict not being against the evidence, the judgment will be affirmed.

*Case & McNeny,* and *G. M. Lambertson,* for plaintiff in error.

No appearance *contra.*

NORVAL, J.

This cause is here on error to the district court of Nuckolls county. The plaintiff in error was the defendant in the court below. The allegations of the petition are, "That on or about the 8th day of November, A. D. 1884, the plaintiff was the owner of the west half of the northwest quarter of section 3, township 4 north, of range 7 west, in Nuckolls county, which he then sold to said defendant Cornell, who requested and induced this plaintiff to make the deed therefor to one E. A. J. Moss; that the consideration for said deed was to be $1,600, which was its reasonable and fair value, and the deed was made and delivered in pursuance of said agreement. The consideration or purchase price was to be paid by the defendant as follows: Defendant to assume all liens on said land to the amount shown of record, being about $600, and for the remaining $1,000 defendant agreed to furnish to this plaintiff 335 ewes not less than two nor more than three years old, the same to be good, healthy, and sound sheep, worth at least $3 per head. This plaintiff having no knowledge of the age of the sheep or value and quality, relied upon the statement made to him by said defendant and the representa-

tions that said sheep were good, young, and healthy ewes, and was thereby induced to trade for the same.  Plaintiff says that the statements so made by the defendant were false; that the sheep delivered to this plaintiff by said defendant were old and nearly worthless; that by reason of their extreme age they had lost their teeth and were unable to eat and a large number by reason thereof died; that the remainder were not worth to exceed one dollar per head and were the refuse of the flock; that by reason of said sheep not being as they were represented by the defendant to plaintiff, and by reason of said false and fraudulent representations so made by the defendant, which were relied upon by the plaintiff as true, this plaintiff has been damaged in the sum of $700, no part of which has been paid."

The answer of the defendant admits trading the sheep for the farm, but claims he gave the plaintiff a written warranty representing the sheep to be "two years old and over and healthy;" that plaintiff examined the sheep before taking them and said they were all right, and that he was satisfied; that the sheep were healthy and not less than two years old, and in all respects fully complied with the warranty.

The reply of the plaintiff denies the allegations of the answer.

The cause was tried to a jury, which returned a verdict assessing plaintiff's damages at $723.60.

The defendant filed a motion for a new trial containing twenty-nine assignments of error, viz:

1. Irregularity in the proceedings of the court, and abuse of discretion by which defendant was prevented from having fair trial.

2. Misconduct of the jury and prevailing party.

3. Error in the assessment of the amount of recovery, the same being too large.

4. The verdict is not sustained by the evidence.

5. Errors of law occurring at the trial.

The remaining assignments of error consisted in the giving and refusing of instructions.

The plaintiff having remitted $23.60, the motion for a new trial was overruled and a judgment was rendered for $700.

The petition in error contains the following assignments of error:

1. The court erred in refusing to permit the plaintiff herein to testify where he purchased the sheep in controversy.

2. The court erred in aiding the attorney of the defendant herein by examining and cross-examining witnesses in his behalf.

3. The court erred in giving instructions Nos. 1 to 14 inclusive.

4. The court erred in refusing to give instructions 1 to 9 inclusive, requested by the plaintiff in error.

5. The court erred in overruling the motion for a new trial.

The cause is submitted to this court on the record, without either brief or oral argument to aid us in our investigation.

It is claimed that the court erred in refusing to permit the plaintiff in error, when a witness in his own behalf, from answering this question, " Where did you get this particular flock of sheep ? " The question was an immaterial one. The issue to be tried was not where Cornell obtained the sheep, but rather, what representations, if any, he made to Barnum at the time of the sale, as to the age and condition of the sheep, and if any representations were made, whether or not they were untrue. There was no evidence given which in the least tended to make the answer sought to be elicited by the question pertinent to the case. No error, however, can be predicated upon the ruling of the court in sustaining the objection to the question, for the obvious reason that the plaintiff in error made no offer to prove where he purchased the sheep.

It is next urged that the court erred in aiding the attorney of the plaintiff below in the examination of witnesses. The record discloses that the learned judge who presided at the trial propounded but a single question to one witness during the entire trial. This question was competent, and clearly there was no abuse of discretion in asking it.

Complaint is also made in the motion for a new trial of the conduct of the jury and prevailing party. There is not a line in the record tending to show any misconduct on the part of either the jury or the defendant in error.

An exception was taken to each of the fourteen instructions given to the jury. Upon examination we find that they fully and fairly submitted the issues in the case to the triers of fact. The instructions that were requested by the plaintiff in error having been substantially covered by the charge of the court, were properly refused.

The evidence in the case is quite conflicting. There is, however, sufficient testimony in the bill of exceptions to sustain the verdict of the jury, and it will therefore be upheld.

No error appearing in the record, the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.